UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JORGE GONZALEZ HERNANDEZ,

Petitioner,

v.

JEFF MACOMBER, Secretary, et al.,

Respondents.

Case No.: 26-CV-1154 JLS (BJW)

**ORDER DISMISSING FIRST AMENDED PETITION WITHOUT PREJUDICE**

(ECF No. 8)

On February 8, 2026, Petitioner, a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a Motion to Substitute Respondents, but failed to pay the $5.00 filing fee or submit a request to proceed in forma pauperis. ECF Nos. 1–2. On March 2, 2026, the Court granted Petitioner's Motion to Substitute Respondents and dismissed this action without prejudice for failing to satisfy the filing fee requirement and for failure to use a court-approved petition form. ECF No. 3. Petitioner has now paid the filing fee twice and filed a First Amended Petition on a court-approved petition form. ECF Nos. 4, 8, 10.

However, the only claim presented in the First Amended Petition states in full: "Claim for Relief." ECF No. 8 at 11. The section listing supporting facts states in full: "Attack" with an arrow pointing to the right side of the petition form. *Id.* Although

Petitioner checks the box indicating that he has presented this claim to the California Supreme Court, he has left blank the portion of the form requesting identification regarding the nature of that filing. *See id*. There are numerous documents attached to the First Amended Petition, including what appear to be state court filings challenging Petitioner's conviction, but due to his failure to properly fill out the petition form, it is impossible to determine which if any of those claims Petitioner intends to pursue in this action and if they have been presented to the state supreme court.

Accordingly, Petitioner has not invoked the Court's habeas jurisdiction because his failure to clearly present a claim for relief amounts to a failure to claim he is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.")

In addition, it is unclear whether Petitioner has alleged exhaustion of state court remedies as to any claims he wishes to present. Generally, applications for writs of habeas corpus which contain unexhausted claims must be dismissed. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). The exhaustion requirement is satisfied by providing the state courts with a "fair opportunity" to rule on Petitioner's constitutional claims. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). In most instances, a claim is exhausted once it is presented to a state's highest court, either on direct appeal or through state collateral proceedings. *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). The constitutional claim raised in the federal proceedings must be the same as that raised in the state proceedings. *Id.*

Rule 4 of the Rules Governing § 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." R. 4, Rules Governing Section 2254 Cases (2019). Here, it is plain from the First Amended Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged

he is in custody in violation of the Constitution or laws or treaties of the United States and has not alleged exhaustion of state court remedies.

## CONCLUSION

Because Petitioner has not invoked this Court's jurisdiction with respect to his habeas challenge under 28 U.S.C. § 2254 and has not adequately alleged exhaustion of state court remedies, the First Amended Petition (ECF No. 8) is **DISMISSED** without prejudice. If Petitioner wishes to pursue this action, he must file a Second Amended Petition on a court-approved form **on or before September 18, 2026**, in which he clearly identifies the claim or claims he wishes to raise in this action and alleges exhaustion of state court remedies as to those claim(s). The Clerk of Court will send a blank Southern District of California amended 28 U.S.C. § 2254 petition form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: August 6, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge